the servient tenement which was the right of way. (*Smith* v. *Smith, supra.*)

Judgment for costs was entered against all defendants. Plaintiff, in the complaint, in addition to other allegations, alleged possession of the property. Margaret and Dominic Pagano filed an answer denying all of the allegations of plaintiff's complaint and then disclaimed any interest in the property. It is argued now that costs should not have been entered as to them. Sec. 739 of the Code of Civil Procedure provides that a plaintiff may recover no costs if the defendant in his answer disclaims any interest in the property. However, in a quiet title action, if defendants wish to avail themselves of the statutory provision relating to disclaimers, to save themselves from costs, they should not have raised the issue on plaintiff's possession and other material issues alleged, and put him to his proof. (*Brooks* v. *Calderwood,* 34 Cal. 563, 566; *Graham* v. *Hunt,* 119 Cal.App. 586, 590 [7 P.2d 186]; *Faxon* v. *All Persons,* 166 Cal. 707 [137 P. 919, L.R.A. 1916B 1209]; *Pinheiro* v. *Bettencourt,* 17 Cal.App. 111 [118 P. 941].

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 18, 1944.

[Civ. No. 3121. Fourth Dist. Mar. 23, 1944.]

WILETTA LAY, Respondent, v. PACIFIC PERFORATING COMPANY, LTD., (a Corporation) et al., Appellants.

Sidney A. Moss for Appellants.

Claflin & Chain for Respondent.

GRIFFIN, J.—██ A petition for writ of supersedeas was filed by defendants and appellants pending the appeal in the above entitled case. An order to show cause was issued and pending the hearing thereof all proceedings on the judgment were stayed conditioned that defendants file a sufficient bond in the sum of $6828. Such a bond was filed. The appeal from the judgment was decided adversely to defendants. (*Lay* v. *Pacific Perforating Co., Ltd.*, 62 Cal.App.2d 233 [144 P.2d 395].) A hearing was subsequently denied by the Supreme Court. That judgment has become final. The question presented under the writ has become moot.

Petition dismissed.

Barnard, P. J., and Marks, J., concurred.