Filed 12/18/13  In re Field CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re JOHN FIELD<br><br>on<br><br>Habeas Corpus. | D063227<br><br>(San Diego County<br>Super. Ct. No. CRN22066) |

Petition for writ of habeas corpus.  Order to show cause discharged and petition dismissed.


Steve M. Defilippis, under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Phillip Lindsay and Linnea D. Piazza, Deputy Attorneys General, for Respondent.

Petitioner John Field seeks a writ of habeas corpus requiring the Board of Parole Hearings (BPH) to grant his petition to advance his next parole suitability hearing. Although this court issued an order to show cause, subsequent developments have made the petition for writ of habeas corpus moot.

BACKGROUND

In 1992, a jury found Field guilty of first degree murder with use of a firearm, and he was sentenced to 27 years to life.  At Field's 2009 parole suitability hearing, the BPH found him unsuitable for parole and, applying the provisions of Marsy's Law, ordered a five-year waiting period until his next parole suitability hearing.

In 2012, Field filed a petition with the BPH, pursuant to Penal Code[1] section 3041.5, subdivision (d)(1), seeking an order from the BPH advancing his next parole suitability hearing to an earlier date, alleging there were changed circumstances or new information establishing a reasonable likelihood that consideration of the public safety did not require the additional period of incarceration.  (§ 3041.5, subd. (d)(1).)  The BPH summarily denied the petition, as permitted by section 3041.5, subdivision (d)(2), which provides, in part, that the BPH "shall have the power to summarily deny a request that does not comply with the provisions of this subdivision or that does not set forth a change in circumstances or new information as required in paragraph (1) that in the judgment of the board is sufficient to justify the action described in paragraph (4) of subdivision (b)." Field petitioned the superior court for a writ of habeas corpus challenging the denial of his petition to advance the hearing date.  The superior court denied the petition, and Field then filed the instant petition.  This court issued an order to show cause and directed newly appointed counsel for Field to address whether application of Marsy's Law to Field violated ex post facto principles.

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

2

After we issued our order to show cause, the Supreme Court filed its decision in *In re Vicks* (2013) 56 Cal.4th 274 upholding Marsy's Law against a facial ex post facto challenge. Accordingly, to the extent Field's habeas corpus petition sought relief under ex post facto principles, that relief is now foreclosed. However, Field's habeas corpus petition also asserted he adequately demonstrated new information or changed circumstances, and therefore the BPH's summary denial of his petition to advance his next parole suitability hearing to an earlier date was a manifest abuse of discretion (§ 3041.5, subd. (d)(2) [BPH decision on request made pursuant to subdivision (d)(1) "shall be subject to review by a court or magistrate only for a manifest abuse of discretion by the board"]), denying him due process, and he therefore continued to pursue this writ seeking an order requiring the BPH to set an advanced hearing date. The People contend that because the relief sought in the habeas corpus petition has been granted by the BPH, the petition is moot.

## DISCUSSION

Ordinarily, we do not review questions that have become moot. (*National Assn. of Wine Bottlers v. Paul* (1969) 268 Cal.App.2d 741, 746.) As one court instructed:

> "It is settled that 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will

3

dismiss the appeal.  [Citations.]' "  (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132.)

Numerous other decisions have likewise concluded mootness requires dismissal of an appellate challenge to an underlying ruling.  (See *Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 11 [dismissing as moot appeal from trial court's denial of injunction to stop election where election had subsequently taken place]; *National Assn. of Wine Bottlers v. Paul, supra*, 268 Cal.App.2d at p. 746 [dismissing as moot appeal where challenged order of Director of Agriculture had been terminated]; *Bell v. Board of Supervisors* (1976) 55 Cal.App.3d 629, 636 [dismissing as moot appeal where challenged legislation had been repealed and replaced with materially different law].)

The policy of dismissing moot appellate proceedings, which applies with equal force to writ proceedings (see *Fleming v. Bennett* (1941) 18 Cal.2d 888; *Lay v. Pacific Perforating Co.* (1944) 63 Cal.App.2d 452), is based on the rationale that "an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal would be without practical effect, and the appeal will therefore be dismissed." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 749, p. 814.)  " '[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' "  (*Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863, quoting *Mills v. Green* (1895) 159 U.S. 651, 653.)  "A case is moot when the decision of

4

the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' " (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.) " '[W]hen, pending an appeal . . . , an event occurs which renders it impossible for this court, if it should decide the case in favor of [appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; accord, *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.) The question of mootness must be decided on a case-by-case basis. (*In re Kristin B.* (1986) 187 Cal.App.3d 596, 605.)

Here, even were we to conclude the BPH's summary denial of Field's petition to advance his next parole suitability hearing to an earlier date was a manifest abuse of discretion or a denial of due process, the only relief we could have granted under Field's petition would be to order the BPH to conduct a suitability hearing for a date earlier than the "due course" suitability hearing set by the BPH in its 2009 order. However, we are informed by the parties that the BPH reconsidered its summary denial of his petition to advance his next parole suitability hearing to an earlier date and, on August 1, 2013, the BPH approved Field's application for an advanced parole suitability hearing date. Accordingly, even were we to rule that Field's petition for an advanced hearing date should have been granted by the BPH, that ruling would have no impact because the relief he sought--an order requiring the BPH to advance his next suitability hearing for a date earlier than the due course suitability hearing--has already been provided by the

5

BPH. We therefore agree with the People that the proper disposition is to discharge the order to show cause and dismiss the petition as moot.

## DISPOSITION

The order to show cause is discharged and the petition is dismissed.


McDONALD, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McINTYRE, J.

6